UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| STEPHANIE PIERCE, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:20cv144 SNLJ |
| | ) |
| vs. | ) |
| | ) |
| GRINNELL SELECT INS. CO., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Stephanie Pierce brought this declaratory judgment action against defendant Grinnell Select Insurance Company seeking a judgment that plaintiff was entitled to underinsured motorist coverage pursuant to the terms of the parties' insurance contract. Defendant has moved for summary judgment [#17]. Plaintiff did not respond to the motion, and the time for doing so has expired.

**I.    Factual Background**

The following facts are not in dispute. At the relevant time, plaintiff had a policy of insurance (the "Policy") with defendant. She was involved in an automobile accident on June 1, 2019. Plaintiff was a passenger in a vehicle struck by a 2012 Ford Escape being operated by Mikel Huffman (the "Tortfeasor"). At the time of the accident, the 2012 Ford Escape was insured under a policy of auto liability insurance issued by Root Insurance Company, which contained a bodily injury liability limit of $100,000 per person. Root Insurance Company subsequently agreed to afford liability coverage to

Mikel Huffman, Crystal Butler, and Corey Butler for the June 1, 2019 accident, and extended a $100,000 policy limit settlement offer to plaintiff on their behalf. Plaintiff accepted the settlement offer and reached a settlement agreement whereby she agreed to accept payment of the $100,000.00 bodily injury liability limit of the aforementioned Root Insurance Company policy, in exchange for a Release of all claims against Mikel Huffman, Crystal Butler, Corey Butler, and Root Insurance Company. Plaintiff filed the instant lawsuit seeking to recover an additional $100,000 in underinsured motorist coverage from defendant on the basis that she has not been fully compensated for her injuries, and the Tortfeasor was an "underinsured third party." Plaintiff also asserted a statutory claim against defendant for Vexatious Refusal to Pay pursuant to Sections 375.296 and 375.420 RSMo.

      The Policy states that it offers "underinsured motorist coverage" ("UIM coverage") and defines "underinsured motor vehicle" as a vehicle which is subject to an insurance policy which has a limit for bodily injury liability that is less than the limit of liability in the defendant's policy. The Policy's limit of liability for UIM coverage is $100,000. The Tortfeasor's insurance limit of liability is $100,000, which is the same as the $100,000 limit of liability of UIM coverage under defendant's Policy. Defendant thus filed the instant motion for summary judgment, seeking judgment that the Tortfeasor was not driving an underinsured motor vehicle and that plaintiff is thus not entitled to UIM coverage as a result.

## II.     Standard of Review

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). Because "the interpretation and construction of insurance policies is a matter of law, ... such cases are particularly amenable to summary judgment." *John Deere Ins. Co. v. Shamrock Indus., Inc.*, 929 F.2d 413, 417 (8th Cir. 1991).

Because this is a diversity case, the Court applies state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *see also Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Plaintiff's claim is based on a Missouri contract and an accident that occurred in Missouri. The parties appear to agree that Missouri law controls.

## III.    Discussion

There is no statutory requirement that an automotive insurance contract contain UIM coverage, so its existence is determined by the contract entered into between the parties. *Rodriguez v. General Accident Ins. Co. of Am.*, 808 S.W.2d 379, 383 (Mo. *banc* 1991). The interpretation of an insurance policy is a question of law for which the general rules of contract interpretation apply. *Peters v. Employers Mut. Cas. Co.*, 853 S.W.2d 300, 301-02 (Mo. *banc* 1993). "If the policy language is unambiguous, it must be enforced as written." *Progressive Cas. Ins. Co. v. Morton*, 140 F. Supp. 3d 856, 861 (E.D. Mo. 2015). "[A]mbiguity exists when there is duplicity, indistinctness, or

3

uncertainty in the meaning of the language in the policy. Language is ambiguous if it is reasonably open to different constructions." *Seeck v. Geico General Ins. Co.*, 212 S.W.3d 129, 132 (Mo. *banc*. 2007). Limitations, exclusions, conditions, and endorsements "are necessary provisions in insurance policies," and "[i]f they are clear and unambiguous within the context of the policy as a whole, they are enforceable." *Todd v. Mo. United Sch. Ins. Council*, 223 S.W.3d 156, 163 (Mo. *banc* 2007).

> The Policy states, in pertinent part, as follows:
>
> We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury" ... [s]ustained by an "insured; and ...[c]aused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "underinsured motor vehicle."

In addition, the Policy defines "underinsured motor vehicle" as follows:

> "Underinsured motor vehicle" means a land motor vehicle or trailer of any type of covered by a liability bond, governmental liability statute, or insurance policy, applicable to the occurrence, but the monetary limits of that bond, statutory coverage, or insurance policy are less than the Limits of Liability for Underinsured Motorists Coverage shown in the Declarations.

The limit of liability for plaintiff's underinsured motorist coverage in the Policy is $100,000 per person. The limit for bodily injury liability for the Tortfeasor driver's policy in this action was $100,000 per person. As this is equal to, and not less than the coverage limits of liability for plaintiff's underinsured motorist coverage, plaintiff's injuries were not caused by an accident arising out of the ownership, maintenance or use of an "underinsured motor vehicle" as defined by the Policy. Under the plain and unambiguous language of the Policy, then, plaintiff is not entitled to underinsured motorist coverage in this case. This law is well established in Missouri. *See, e.g.*,

4

*Rodriguez v. General Accident Ins. Co. of America*, 808 S.W.2d 379, 380 (Mo. *banc* 1991) (no underinsured motorist coverage where policy's limit and tortfeasor's limit were both $50,000); *Lawson v. Progressive Casualty Insurance Company*, 527 S.W.3d 198 (Mo. App. 2017). Notably, plaintiff did not file a response in opposition to defendant's motion.

Because defendant had no duty to pay under the policy, plaintiff's claim for vexatious refusal to pay also fails. *See Progressive Preferred Ins. Co. v. Reece*, 498 S.W.3d 498, 506 (Mo. App. 2016).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [#17] is **GRANTED**.

Dated this   3rd   day of June, 2021.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE